Filing # 152222082 E-Filed 06/27/2022 11:12:22 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO: 2022-CA-005510-O

CHRIS MAMMOLITE,

    Plaintiff,

vs.

CENTRAL TRANSPORT LLC, a Foreign Limited Liability Company, and CROWN ENTERPRISES, LLC, a Foreign Limited Liability Company,

    Defendants.

_____/

## AMENDED COMPLAINT

The Plaintiff, CHRIS MAMMOLITE, by and through his undersigned attorney, sues the Defendants, CENTRAL TRANSPORT LLC, a Foreign Limited Liability Company, and CROWN ENTERPRISES, LLC, a Foreign Limited Liability Company, and alleges as follows in support thereof:

1) This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorney's fees.

2) At all times material to this action, the Plaintiff, CHRIS MAMMOLITE, was and is a natural person residing in Eustis, Lake County, Florida.

3) At all times material to this action, the Defendant, CENTRAL TRANSPORT LLC, was a Foreign Limited Liability Company licensed to do business and conducting business in Orlando, Orange County, Florida.

4) At all times material to this action, the Defendant, CENTRAL TRANSPORT LLC, was in possession and control of a service center located at 10066 General Drive, Orlando, Orange County, Florida.

5) At all times material to this action, the Defendant, CROWN ENTERPRISES, LLC, was a Foreign Limited Liability Company licensed to do business and conducting business in Orlando, Orange County, Florida.

6) At all times material to this action, the Defendant, CROWN ENTERPRISES, LLC, owned the property located at 10066 General Drive, Orlando, Orange County, Florida.

7) Venue is proper in Orange County, Florida because the alleged incident occurred in Orange County, Florida.

8) All other conditions precedent to the bringing of this action have been performed, have occurred or have been waived.

## COUNT I – NEGLIGENCE CLAIM OF CHRIS MAMMOLITE AGAINST CENTRAL TRANSPORT LLC

9) The Plaintiff, CHRIS MAMMOLITE, realleges and incorporates by reference paragraphs one (1) through eight (8) as if fully alleged herein.

10) On or about September 22, 2021, while the Plaintiff, CHRIS MAMMOLITE, was lawfully on the Defendant's, CENTRAL TRANSPORT LLC, premises located at 10066 General Drive, Orlando, Orlando, Orange County, Florida, as a business invitee, the Plaintiff tripped and fell on a piece of rebar from a parking stop that was no long in its original location, and, as a consequence, fell forcefully to the floor and sustained bodily injury, that will leave him with permanent restrictions for the rest of his life.

11) At all times material hereto, the Defendant, CENTRAL TRANSPORT LLC, had a duty to its invitees, including the Plaintiff, CHRIS MAMMOLITE, to maintain its premises, including the parking stops, in a reasonably safe condition for use by its invitees, and to warn its invitees of any known hazards or hazardous conditions, about which the Defendant knew or reasonably should have known through the exercise of reasonable care.

12) At the above time and place, the Defendant, CENTRAL TRANSPORT LLC, breached its duties owed to the Plaintiff, CHRIS MAMMOLITE, by committing one or more of the following omissions or commissions:

　　a. Negligently failing to maintain or adequately maintain the parking lot, including the parking stop, thus creating an unreasonably dangerous condition to members of the public, including the Plaintiff;

　　b. Negligently failing to inspect or adequately inspect the parking lot, as specified above, to ascertain whether the piece of rebar constituted a hazard to pedestrians utilizing said area, thus creating an unreasonably dangerous condition to members of the public, including the Plaintiff;

　　c. Negligently failing to warn or adequately warn the Plaintiff of the danger of the piece of rebar in the area, when the Defendant knew or through exercise of reasonable care should have known that said area was unreasonably dangerous and that the Plaintiff was unaware of the same; and

　　d. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the piece of rebar on the Defendant's premises, when this condition was either known to the Defendant or had existed for a sufficient length of time such that the Defendant should have known of same had the Defendant exercised reasonable care.

13) As a result of the Defendant's, CENTRAL TRANSPORT LLC, breach and/or multiple breaches, while the Plaintiff, CHRIS MAMMOLITE, was lawfully on the Defendant's premises, he tripped on the piece of rebar, and as a consequence, fell to the ground sustaining severe bodily injuries.

14) As a direct and proximate result of the negligence of the Defendant, CENTRAL TRANSPORT LLC, the Plaintiff, CHRIS MAMMOLITE, suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, CHRIS MAMMOLITE, demands judgment for damages against the Defendant, CENTRAL TRANSPORT LLC, for personal injuries including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court. The Plaintiff also demands a jury trial.

### COUNT II – NEGLIGENCE CLAIM OF CHRIS MAMMOLITE AGAINST CROWN ENTERPRISES, LLC

15) The Plaintiff, CHRIS MAMMOLITE, realleges and incorporates by reference paragraphs one (1) through eight (8) as if fully alleged herein.

16) On or about September 22, 2021, while the Plaintiff, CHRIS MAMMOLITE, was lawfully on the Defendant's, CROWN ENTERPRISES, LLC, premises located at 10066 General Drive, Orlando, Orlando, Orange County, Florida, as a business invitee, the Plaintiff tripped and fell on a piece of rebar from a parking stop that was no long in its original location, and, as a consequence, fell forcefully to the floor and sustained bodily injury, that will leave him with permanent restrictions for the rest of his life.

17) At all times material hereto, the Defendant, CROWN ENTERPRISES, LLC, had a duty to its invitees, including the Plaintiff, CHRIS MAMMOLITE, to maintain its premises, including the parking stops, in a reasonably safe condition for use by its invitees, and to warn its

invitees of any known hazards or hazardous conditions, about which the Defendant knew or reasonably should have known through the exercise of reasonable care.

19) At the above time and place, the Defendant, CROWN ENTERPRISES, LLC, breached its duties owed to the Plaintiff, CHRIS MAMMOLITE, by committing one or more of the following omissions or commissions:

    a. Negligently failing to maintain or adequately maintain the parking lot, including the parking stop, thus creating an unreasonably dangerous condition to members of the public, including the Plaintiff;

    b. Negligently failing to inspect or adequately inspect the parking lot, as specified above, to ascertain whether the piece of rebar constituted a hazard to pedestrians utilizing said area, thus creating an unreasonably dangerous condition to members of the public, including the Plaintiff;

    c. Negligently failing to warn or adequately warn the Plaintiff of the danger of the piece of rebar, when the Defendant knew or through exercise of reasonable care should have known that said area was unreasonably dangerous and that the Plaintiff was unaware of the same; and

    d. Negligently failing to correct or adequately correct the unreasonably dangerous condition of the piece of rebar on the Defendant's premises, when this condition was either known to the Defendant or had existed for a sufficient length of time such that the Defendant should have known of same had the Defendant exercised reasonable care.

19) As a result of the Defendant's, CROWN ENTERPRISES, LLC, breach and/or multiple breaches, while the Plaintiff, CHRIS MAMMOLITE, was lawfully on the Defendant's premises, he tripped on the piece of rebar, and as a consequence, fell to the ground sustaining severe bodily injuries.

20) As a direct and proximate result of the negligence of the Defendant, CROWN ENTERPRISES, LLC, the Plaintiff, CHRIS MAMMOLITE, suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, CHRIS MAMMOLITE, demands judgment for damages against the Defendant, CROWN ENTERPRISES, LLC, for personal injuries including the losses enumerated herein, costs, interest and for other such relief as may be just and equitable and otherwise deemed proper by the Court. The Plaintiff also demands a jury trial.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2022, I electronically filed the foregoing pleading with the Clerk of Courts via the Florida Courts E-Filing Portal System.

*/s/ Logan Young*

Logan J. Young, Esquire
Florida Bar Number: 11016
DAN NEWLIN INJURY ATTORNEYS
7335 West Sand Lake Road, Suite 300
Orlando, FL 32819
Phone: 407-203-6588; Fax: 321-710-1082
Attorneys for Plaintiff
Logan.Young@newlinlaw.com
Patricia.Croc@newlinlaw.com
Stacey.Brown@newlinlaw.com